## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DEMETRIUS R. JOHNSON and**
**DESIREE SISK,**

**Plaintiff,**

**v.**                                              **1:14-cv-01144-WSD**

**COLLIER HEIGHTS**
**APARTMENTS LLC, et al.,**

**Defendants.**

### OPINION AND ORDER

This matter is before the Court on the mandatory review of Plaintiffs'

Complaint [5] for frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.    BACKGROUND

On April 17, 2014, Plaintiffs filed an application for leave to proceed *in

forma pauperis* ("IFP").  On May 9, 2014, Magistrate Judge J. Clay Fuller granted

the Plaintiffs' IFP application, and directed the clerk to submit this action to the

Court for a frivolity determination.  Plaintiffs' six (6) count Complaint asserts only

state law claims against Defendants in connection with a landlord-tenant dispute.

**II.     DISCUSSION**

    A.     <u>Subject Matter Jurisdiction</u>

The Court first considers whether it has subject matter jurisdiction in this action.  The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999).  "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  <u>Id.</u>

The Court has subject-matter jurisdiction in this case only if there is federal question or diversity jurisdiction.  <u>See</u> 28 U.S.C. §§ 1331, 1332; <u>Laurent v. United States Trustee</u>, 196 F. App'x 740, 743 (11th Cir. 2006).  Plaintiffs' Complaint does not allege any basis for the Court's jurisdiction and fails to comply with Rule 8 of the Federal Rules of Civil Procedure.  <u>See</u> Fed. R. Civ. P. 8(a) (complaint must include "a short and plain statement of the grounds for the court's jurisdiction").

Federal question jurisdiction exists when the "well-pleaded" allegations of a plaintiff's complaint show that the cause of action is based on federal law or the United States Constitution.  <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6

(2006).  Although Plaintiffs indicate on their Civil Cover Sheet that jurisdiction is based on federal question, the Complaint relies only on Georgia law.  Because Plaintiffs' Complaint raises only questions of state law, the Court does not have federal-question jurisdiction.

Diversity jurisdiction requires complete diversity between Plaintiffs and Defendants, and the amount in controversy must exceed $75,000.   28 U.S.C. § 1332.  "Diversity jurisdiction, as a general rule, requires complete diversity— every plaintiff must be diverse from every defendant."   Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).

The Civil Cover Sheet here shows that Plaintiffs are citizens of Georgia and that at least one of the Defendants is a citizen of Georgia.  Complete diversity, therefore, does not exist among the parties.  Based on the analysis set out above, the Court concludes that it lacks subject matter jurisdiction over this action, and Plaintiffs' Complaint is required to be dismissed.

## III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE** [5].

**SO ORDERED** this 2nd day of June 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE